IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEJANDRO VELA,          )  |  |
|     Plaintiff,       ) | |
| vs.                              ) | No. 3:20-CV-990-C-BH |
|                                     ) | |
| MARK CHRISTIAN, et al.,  ) | |
|     Defendant.     ) | Referred to U.S. Magistrate Judge[1] |

### MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff['s] Motion for Court to Order the U.S. Marshal's Service to Effect Service on Defendants*, received January 6, 2021 (doc. 20). The pro se prisoner contends that since he is "not fully familiar with procedures regarding civil lawsuits services," he seeks service by the United States Marshal's Service (USM) to "move the case along." (*See* doc. 20.)

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that a court must order the USM to serve a civil complaint if the plaintiff has been authorized to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915 or is a seaman under 28 U.S.C. § 1916. Fed. R. Civ. P. 4(c)(3). Otherwise, a court "may" order that service be made by the USM at the plaintiff's request. *Id.* Here, the plaintiff has paid the full filing fee, so he is not proceeding IFP, and he does not allege that he is a seaman.

The United States Court of Appeals for the Fifth Circuit does not appear to have specifically addressed how courts should exercise their discretion to order service by the USM in a fee paid case. The Third and Ninth Circuits have recognized that in 1983, Congress amended Rule 4 "primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir.1987) (quoting 128 Cong. Rec.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

H9848–49 (daily ed. Dec. 15, 1982)); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir.1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions). Accordingly, "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the [USM]", and courts should not order service by the USM unless really necessary. Advisory Committee Note, 93 F.R.D. 255, at 262, 128 Cong. Rec. H9848 to 9855, 96 F.R.D. 81, 127. Consistent with congressional intent and the committee note, lower courts have found that a plaintiff must show that service was first attempted through the other means authorized by Rule 4 before seeking an order for service by the USM. *See Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4 (D.D.C. 2003) (citing *Jones v. Goodman*, No. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 20, 1992), and 4A Fed. Prac. & Proc. Civ.3d § 1090)(denying motion for service by the USM where the plaintiff had not attempted service by other means, such as registered or certified mail); *see also Palmer v. City & County of Denver*, No. 18-cv–1–3-REB-STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)(noting that the court had made clear that a plaintiff was required to justify an order for service by the USM and service would not be ordered unless really necessary, in denying the motion); *Tejada v. DelBalso*, No. 3:18-cv-01096, 2018 WL 6268202, at *2 (M.D. Pa. Nov. 30, 2018)(denying motion after noting that there was nothing in the record to suggest that the plaintiff had made any good faith effort to effectuate service of process or to request that the defendants waive formal service); *Thomason v. Moeller*, No. 4:16-cv-141-BLW, 2017 WL 241322, at *5 (D. Idaho Jan. 19, 2017)(declining to exercise discretion to appoint the USM where the plaintiff did not indicate that she had exhausted other reasonable methods of effective service or that she lacked the financial resources to do so); *Oliver v. City of Oceanside*, No. 16-cv-00565-BAS(JLB), 2016 WL

8730533, at *1–2 (S.D. Cal. July 1, 2016)(noting that the plaintiff had not demonstrated that he was unable to serve the defendants through other authorized means)(citing *Bax*, 216 F.R.D. at 4); *Sharabati v. Sharabati*, No. 4:15-CV-95-DMB-JMV, 2015 WL 4665276, at *12 (N.D. Miss. Aug. 6, 2015)("However, before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint." )(citing 4A Federal Practice and Procedure § 1090); *Weidman v. Blackstone Group*, No. 1:14-CV-3785-RWS-LTW, 2015 WL 1097385, at *5 (N.D. Ga. Mar. 11, 2015)(denying motion after noting that the plaintiff had the defendant's corporate address, was not indigent, and had not shown that she could not retain a private process server or other person to serve process).  The Court agrees with, and adopts, this approach.

     Here, after the plaintiff paid the filing fee, he was advised of his responsibility to serve the defendants within 90 days of the filing of the complaint, and provided a copy of Fed. R. Civ. P. 4, by order dated June 23, 2020.  (*See* doc. 13.)  On July 27, 2020, he was ordered to either file a valid return of service or show good cause in writing why service could not be made.  (*See* doc. 17.)  On August 4, 2020, he filed his "Notice of Proof of Service," which stated that he had sent waiver of service of summons forms to the defendants. (*See* doc. 18.) The attachments showed that he had mailed waiver forms to the defendants by certified mail on June 26, 2020.  (*See id.*)  In response to a second order to either file a valid return of service or show good cause in writing why service could not be made by January 27, 2021 (doc. 19), he moved for service by the USM, (doc. 20).  His motion states that on July 30, 2020, he sent copies of the summonses with the complaint by certified mail to the defendants and to the United States Attorney, but no one has responded.  (*See* doc. 20.)

Based on the waiver of service of summons forms, the plaintiff has demonstrated that despite his incarceration, he has attempted to "make service by some other means" prior to asking for service by the USM. *Sharabati*, 2015 WL 4665276, at *12. Some courts have considered incarceration relevant to the determination of whether service by the USM should be ordered. *See Oliver*, 2016 WL 8730533, at *1 ("In exercising this discretion [to determine whether service by the USM is appropriate], the Court notes that Plaintiff is not is not incarcerated...") (citing William W. Schwarzer et al., Cal. Practice Guide: Fed. Civ. Pro. Before Trial ¶ 5:83 (The Rutter Group)). Although not specifically mentioned by the plaintiff, the Court takes judicial notice of the global pandemic due to COVID-19, which has resulted in lock downs at most prison facilities, mail delays, and an inability of prisoners to go to the law library. Notably, a companion case based on the same events as this case that was filed on the same date by another prisoner has already been served on the defendants because that prisoner was allowed to proceed *in forma pauperis*. *See Sherriff v. Christian et al.,* No. 3:20-CV-989-E (N.D. Tex.). Based on the unique combination of circumstances in this case, exercise of the discretion to order service by the USM in this case is warranted.

Accordingly, the plaintiff's motion for service by the USM is **GRANTED**. A separate order for service will issue. The plaintiff shall be required to pay the costs of service by the USM, which will be assessed after the USM files the returns of the service.

**SO ORDERED this 12th day of January, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE